# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARISMA HUDSON and BRIAN SCHAEFER, Ohio citizens, individually and as the representatives of a class of similarly-situated persons,<br><br>     Plaintiffs,<br><br> v.<br><br>DATANYZE, LLC, a Delaware limited liability company,<br><br>     Defendant. | Case No.:<br><br>Class Action |

## CLASS ACTION COMPLAINT

Plaintiffs, CHARISMA HUDSON ("Hudson") and BRIAN SCHAEFER ("Schaefer") (collectively, "Plaintiffs"), bring this action on behalf of themselves and all other persons similarly situated, through their attorneys, and allege the following against Defendant DATANYZE, LLC ("Datanyze" or "Defendant"):

## NATURE OF ACTION

1. Plaintiffs and members of the proposed class (the "Class" or "Class Members") seek statutory damages, an injunction, and other relief from Datanyze for violations of the Ohio Right of Publicity Statute ("ORPS"), Ohio Revised Code § 2741.01, *et seq.*, and Ohio common law.

2. ORPS prohibits using an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance for commercial purposes without prior written consent. OH ST § 2741.02. Ohio common law also precludes the commercialization of an individual's name or likeness through the tort of misappropriation. *James v. Bob Ross Buick, Inc.*, 167 Ohio App. 3d 338, 342 (2006) (citing *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St. 2d 224,

229-30 (1976) (adopting definition of the tort of misappropriation as set forth in the Restatement of Torts 2d, Section 652C)).

3. Datanyze provides an internet-based business search platform for sales and marketing professionals. Users of Datanyze's platform can obtain personal information of various individuals, including their names, email addresses, telephone numbers, photographs, and other identifying information ("profiles"), based on particular search queries. After a free trial period, during which a set amount of profiles can be viewed, users are required to purchase subscriptions in order to view additional profiles.

4. Plaintiffs and the Class have no relationship with Datanyze. More importantly, Plaintiffs and the Class never provided Datanyze with written consent to use their name, voice, signature, photograph, image, likeness, or distinctive appearance to advertise access to personal information contained in or subscriptions to its platform.

5. Despite failing to obtain written consent from Plaintiffs and the Class, Datanyze, nevertheless utilized their names and other identifying information for the purpose of enticing users of its platform to enter into paid subscriptions for additional access to profiles contained in the platform. In other words, Datanyze used Plaintiffs' and other Class Members' names and other identifying information for commercial purposes without their written permission in violation of ORPS and Ohio common law.

6. Plaintiffs bring this Complaint seeking an order (i) declaring that Datanyze's conduct violates ORPS and common law, (ii) requiring that Datanyze cease the unlawful activities described herein, (iii) awarding Plaintiffs and the Class actual damages, including any profits derived from and attributable to the unauthorized use of their names or likenesses, or statutory damages between $2,500 and $10,000 as provided at OH ST § 2741.07(b), and (iv) an

2

award for punitive damages, if warranted, and reasonable attorneys' fees, court costs, and other expenses associated with this action.

## PARTIES

7. Plaintiff Charisma Hudson is a citizen of the State of Ohio residing in Toledo, Ohio.

8. Plaintiff Brian Schaefer is also a citizen of the State of Ohio residing in Toledo, Ohio.

9. Defendant Datanyze is a Delaware limited liability company with its headquarters located in Durham, North Carolina. Through its proprietary software, Datanyze seeks out and compiles names and other identifying information of Ohio citizens and uses that information to market its online platform to Ohio citizens and others without written consent.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act") because sufficient diversity of citizenship exists between the parties – Plaintiffs are citizens of Ohio and Datanyze is a Delaware limited liability company with its headquarters located in Durham, North Carolina. Further, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, with at least 100 or more potential class members based on the number of profiles contained in Datanyze's platform and the damages available through ORPS. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. The Court has personal jurisdiction over Datanyze because it sought out and compiled the names and other identifying information of Plaintiffs and other Ohio citizens and used that information for marketing Ohio citizens and others without written consent. In so

3

doing, Datanyze committed the statutory violations and common law torts related to the matters complained of herein in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## OHIO RIGHT OF PUBLICITY STATUTE

13. ORPS prohibits the use of "any aspect of an individual's persona for a commercial purpose … [without] written consent." OH ST § 2741.02.

14. ORPS defines "persona" as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." OH ST § 2741.01(A). "Commercial purpose" is defined in pertinent part as "the use of or reference to an aspect of an individual's persona …. (2) For advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter." OH ST § 2741.01(B).

15. A person who violates ORPS is liable in a civil action for actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona or, at the election of the plaintiff and in lieu of actual damages, statutory damages in the amount of at least $2,500 and not more than $10,000, as determined in the discretion of the trier of fact. OH ST § 2741.07(A)(1)(a) and (b). ORPS further provides that punitive or exemplary damages may be rewarded and authorizes the issuance of injunctive relief where appropriate. OH ST § 2741.07(A)(1)(c) and (D)(3).

16. The remedies provided for in ORPS are not exclusive; rather, they are in addition to any other remedies provided for by state or federal statute or common law. OH ST § 2741.08.

**FACTUAL ALLEGATIONS**

17. Datanyze provides a business search platform to current and prospective customers.[1] The platform enables users to connect to business-to-business sales prospects for their own business-to-business sales, marketing, and recruiting activities. The platform is accessible at Datanyze's website, www.datanyze.com, or through a Google Chrome extension. The platform is geared for sales and marketing professionals.

18. For its platform, Datanyze has collected information regarding business people and companies to create profiles of both. The resulting directory of profiles is then made available to users of the platform. Information that may be provided in a business person's profile includes name, email addresses (both business and personal), job title and department, phone number (general or direct business numbers, faxes, and/or mobile numbers), company name, postal address of company and business-related postal address of the person, employment history, and education history. These profiles may also include links to articles by, about, or quoting the person and links to the person's social media profiles.

19. Datanyze claims that its platform contains over 120 million people profiled with 84 million email addresses and 63 million direct dial numbers.

20. As stated, users of the platform can access it at Datanyze's website. There, the user can find and filter information about companies in diverse industries. Once a company is selected, information about it and its employees, including the executives, key decision makers, and recently updated team members becomes available. From there, the user can select a specific employee to view identifying information of that person as stored on the platform. Profiles show such information as the employee's name, picture, work biography, education, work and cellular phone numbers, email addresses (both work and personal), and office address.

---

[1] Information regarding Datanyze found at its website, www.datanyze.com, last visited on March 7, 2023.

21. Information on the platform can also be accessed by using Datanyze's Google Chrome extension in conjunction with LinkedIn. LinkedIn is the world's largest professional network, with more than 875 million members.[2]

22. After a user has downloaded Datanyze's Google Chrome extension, the Datanyze icon appears as a tab on LinkedIn's webpage. When a Datanyze user views an individual member on LinkedIn, the user can click on the Datanyze tab to see whether Datanyze has a profile of that member on its platform. If a profile exists, the user can view the profile for additional contact and identifying information as discussed above. In seemingly all cases, the Datanyze profile will contain more identifying information than provided by LinkedIn.

23. Before Datanyze users, i.e., customers/prospective customers, are allowed to view an employee profile either on the website or through LinkedIn, they are required to enter into a paid subscription with Datanyze or sign up for a 90-day free trial. These profiles are not visible without first entering into a paid subscription or signing up for a free trial.

24. With Datanyze's 90-day free trial, prospective customers are allotted ten "credits" a month. These "credits" allow the customer to access ten profiles on the platform. After the 90-day trial is complete, or when the allotted "credits" are used, prospective customers are required to enter into paid subscriptions to view additional profiles. Employee profiles cannot be purchased individually on the platform.

25. Datanyze offers several paid subscription plans. Customers can select a $29 monthly plan, which provides access to 80 profiles a month. This plan can be reduced to $21 a month if paid yearly. Datanyze also has a $55 monthly plan. This plan provides access to 160 profiles a month. It too can be reduced to $39 a month if paid yearly.

---

[2] Information regarding LinkedIn found at its website, www.linkedin.com, last visited on March 7, 2023.

26. Profiles on Datanyze's platform provide enough information to identify an individual. In fact, Datanyze guarantees the accuracy of its contact information.

27. Datanyze uses the 90-day free trial, along with the limited access to employee profiles as found through their names, to advertise and convince prospective customers to purchase its monthly subscription services, whereby those customers can access and retrieve employee profiles on any individual in Datanyze's database. In other words, the free trial together with the limited free profile access is part of Datanyze's overall effort to sell its monthly subscriptions.

### Facts relating to Charisma Hudson:

28. In February 2023, Hudson discovered that her name and other identifying information was used in Datanyze's platform. Indeed, Hudson can confirm that her profile is contained within Datanyze's database and is accessible on LinkedIn using Datanyze's Google Chrome extension.

29. Hudson's LinkedIn page does not provide any contact information aside from her LinkedIn provided contact. However, when the Datanyze tab is selected on Hudson's LinkedIn page to reveal her profile, her name, work and personal emails, and cellular and work telephone numbers are provided from Datanyze's platform. This additional information contained in Datanyze's platform cannot be viewed without first signing up for a 90-day free trial or entering into a paid subscription.

30. Potential customers availing themselves of Datanyze's 90-day free trial are able to view and, on information and belief, have viewed Hudson's profile on its platform, which includes her name and identifying information. Thus, Hudson's persona and identity have been used by Datanyze to market its platform.

31. Datanyze's purpose behind providing access to Hudson's profile on its platform is, in part, to solicit the purchase of paid subscriptions.

32. Hudson has no relationship with Datanyze. She neither utilizes the platform nor subscribes to it.

33. Hudson did not give consent, written or otherwise, to Datanyze to use her name, persona, or identifying information in any way. Nor did Hudson provide Datanyze with written consent to use her name, persona, or identifying information for commercial purposes. Had Datanyze requested her consent, Hudson would not have provided it.

34. Hudson does not know how Datanyze obtained her persona or other identifying information. On information and belief, Datanyze compiled her information from online sources, including her LinkedIn account, social media accounts, and employer's website.

35. Datanyze did not obtain written consent from Hudson or her employer prior to compiling her personal information to create an employee profile for its platform. Datanyze also did not obtain prior written permission to use that profile, including her name and identifying information, to advertise paid subscriptions for its platform. On information and belief, Datanyze did not obtain written permission from any sources from which it compiled Hudson's personal identifying information.

36. Hudson has intellectual property and privacy interests in her name, likeness, and persona as recognized by Ohio statutory and common law. Hudson has the right to exclude anyone from using her name, likeness, and persona for commercial purposes without her written permission.

37. Datanyze injured Hudson by using her name, likeness, and persona for its own commercial purposes without compensation or permission and potentially subjecting her to

8

harassing and uninvited marketing and sales communications.

### **Facts relating to Brian Schaefer:**

38. In February 2023, Schaefer discovered that his name and other identifying information was used in Datanyze's platform. Indeed, Schaefer can confirm that his profile is contained within Datanyze's database and is accessible on LinkedIn using Datanyze's Google Chrome extension.

39. Schaefer's LinkedIn page does not provide any contact information aside from his LinkedIn provided contact. However, when the Datanyze tab is selected on Schaefer's LinkedIn page to reveal his profile, his name, personal email, and work telephone number are provided from Datanyze's platform. This additional information contained in Datanyze's platform cannot be viewed without first signing up for a 90-day free trial or entering into a paid subscription.

40. Potential customers availing themselves of Datanyze's 90-day free trial are able to view and, on information and belief, have viewed Schaefer's profile on its platform, which includes his name and identifying information. Thus, Schaefer's persona and identity have been used by Datanyze to market its platform.

41. Datanyze's purpose behind providing access to Schaefer's profile on its platform is, in part, to solicit the purchase of paid subscriptions.

42. Schaefer has no relationship with Datanyze. He neither utilizes the platform nor subscribes to it.

43. Schaefer did not give consent, written or otherwise, to Datanyze to use his name, persona, or identifying information in any way. Nor did Schaefer provide Datanyze with written consent to use his name, persona, or identifying information for commercial purposes. Had Datanyze requested his consent, Schaefer would not have provided it.

44. Schaefer does not know how Datanyze obtained his persona or other identifying information. On information and belief, Datanyze compiled his information from online sources, including his LinkedIn account, social media accounts, and employer's website.

45. Datanyze did not obtain written consent from Schaefer or his employer prior to compiling his personal information to create an employee profile for its platform. Datanyze also did not obtain prior written permission to use that profile, including his name and identifying information, to advertise paid subscriptions for its platform. On information and belief, Datanyze did not obtain written permission from any sources from which it compiled Schaefer's personal identifying information.

46. Schaefer has intellectual property and privacy interests in his name, likeness, and persona as recognized by Ohio statutory and common law. Schaefer has the right to exclude anyone from using his name, likeness, and persona for commercial purposes without his written permission.

47. Datanyze injured Schaefer by using his name, likeness, and persona for its own commercial purposes without compensation or permission and potentially subjecting him to harassing and uninvited marketing and sales communications.

## CLASS ALLEGATIONS

48. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiffs bring this class action on behalf of themselves and the following class:

> All current and former Ohio residents who are not subscribers to Datanyze's platform and whose name, voice, signature, photograph, image, likeness, distinctive appearance, and/or identity is incorporated in profiles used to market paid subscriptions for the platform.

> Excluded from the class are Datanyze, its members, managers, and employees, and members of the Ohio judiciary. Plaintiffs reserve the right to amend the Class definition upon

completion of class discovery when the contours and the parameters of the class become more apparent.

49. **Class Size (Fed. R. Civ. P. 23(a)(1)):** On information and belief, the members of the class are so numerous that joinder of all members is impractical. Based on the investigation by their counsel and representations made by Datanyze on its website, Plaintiffs reasonably believe that the class comprises of thousands of current and former Ohio citizens whose profiles are compiled and maintained in Datanyze's database and searchable on its platform. The exact number of persons in the class can be determined from records maintained by Datanyze, but certainly exceeds 40.

50. **Commonality (Fed. R. Civ. P. 23(a)(2):** There are many questions of law and fact that exist as to Plaintiffs and members of the class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to:

(a) whether Datanyze uses Plaintiffs' and Class Members' names and identities in advertisements for its own commercial benefit;

(b) whether Datanyze obtained written consent from Plaintiffs and the Class prior to using their names and identities in advertisements promoting its platform as required by OH ST § 2741.02;

(c) whether the conduct described herein constitutes a violation of ORPS and Ohio common law;

(d) whether Plaintiffs and the Class are entitled to punitive or exemplary damages for Datanyze's commercial use of their names, likenesses, and personas; and

(e) whether Plaintiffs and Class Members are entitled to declaratory, injunctive, and monetary relief as requested.

51. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiffs' claims are typical of the claims of the members of the Class. Datanyze's misuse of Plaintiffs' and Class Members' names, likenesses, and personas was the same for each.

52. **Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):** Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts nationwide and Plaintiffs have no interest adverse to any member of the Class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and the Class.

53. **Injunctive and/or Declaratory Relief (Fed. R. Civ. P. 23(b)(2)):** As demonstrated above, Datanyze has acted on grounds generally applicable to the proposed class such that final injunctive relief, as contemplated by OH ST § 2741.07(D)(3), is appropriate with respect to the Class as a whole.

54. **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):** Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of liability on Plaintiffs' claims will also prove liability for the claims of the Class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Datanyze may assert and attempt to prove will come from Datanyze's records and will not require individualized or separate inquiries or proceedings;

(c) Datanyze has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d) The injury suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Datanyze economically feasible. Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. A class action, on the other hand, will permit a large number of claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) Datanyze's records will enable Plaintiffs to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiffs and the Class with the same common proofs;

(iii) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

(iv) A class action will contribute to uniformity of decisions concerning Datanyze's practices; and

(v) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## COUNT I
**Violation of ORPS, Ohio Revised Code § 2741.01, *et seq.***

55. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

56. As stated, ORPS prohibits the use of an individual's name, voice, signature,

13

photograph, image, likeness, or distinctive appearance for commercial purposes without prior written consent. OH ST § 2741.02.

57. By engaging in the foregoing acts and omissions, Datanyze used Plaintiffs' and Class Members' names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances for commercial purposes without first obtaining written consent.

58. Under ORPS, Datanyze is liable for either actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona or statutory damages in the amount of at least $2,500 and not more than $10,000, as determined in the discretion of the trier of fact. OH ST § 2741.07(A)(1)(a) and (b). Plaintiffs may also be entitled to punitive or exemplary damages and injunctive relief. OH ST § 2741.07(A)(1)(c) and (D)(3).

59. As a result of Datanyze's violations of ORPS, Plaintiffs and the Class have suffered injury to their privacy rights and economic damages. Plaintiffs and Class Members have been denied the commercial value of their names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances, which Datanyze used without permission from or compensation to Plaintiffs and the Class. Plaintiffs and Class Members were denied their statutorily protected right to control how their names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances are used and suffered economic damages based on that misuse.

60. Plaintiffs, on behalf of the Class, seek: statutory damages for Datanyze's violations of ORPS, or alternatively, actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances; punitive or exemplary damages, if warranted; prejudgment interest; injunctive and declaratory relief; and an award of reasonable attorneys'

fees, court costs, and other expenses associated with this action.

## COUNT II
### Ohio Common Law Tort of Appropriation of Name or Likeness

61. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

62. Ohio common law recognizes the tort of appropriation of name or likeness. The tort creates a cause of action for the appropriation of a name or likeness by a defendant for the defendant's own use or benefit. *James*, 167 Ohio App. 3d at 342 (citing *Zacchini*, 47 Ohio St. 2d at 229-30).

63. By engaging in the foregoing acts and omissions, Datanyze appropriated the names and likenesses of Plaintiffs and Class Members for its own commercial benefit.

64. Pursuant to Ohio common law, Plaintiffs, on behalf of themselves and the Class, seek monetary recovery in the amount of the commercial benefit Datanyze derived from its misuses of their names and likenesses as well as the entry of an injunction prohibiting further misuse.

WHEREFORE, Plaintiffs, CHARISMA HUDSON and BRIAN SCHAEFER, individually and on behalf of all other similarly-situated individuals, demand judgment in their favor and against Defendant DATANYZE, LLC as follows:

    A.    Certifying this case as a Class Action and appointing Plaintiffs and their attorneys as class representatives and class counsel, respectively;

    B.    An order declaring that Datanyze's actions, as described herein, violates ORPS and Ohio common law;

    C.    Awarding statutory damages to Plaintiffs and the Class for violating ORPS and/or

actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' names, likenesses, and personas, plus prejudgment interest;

D. Enjoining Datanyze from committing further misuse of Plaintiffs' and the Class' names, likenesses, and personas;

E. Awarding Plaintiffs reasonable attorneys' fees, court costs, and other expenses associated with this action as provide by ORPS; and

F. Awarding such other and further relief as this Court deems appropriate and just.

                CHARISMA HUDSON and BRIAN SCHAEFER, individually and as representatives of a class of similarly-situated persons

By: s/ Ryan M. Kelly
     One of their attorneys

Ryan M. Kelly
ANDERSON + WANCA
3701 W. Algonquin Rd. Ste 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
rkelly@andersonwanca.com